The Central National Bank and Trust Co. *v.* Kuntz, Appellant.

. Argued March 18, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*Jno. A. Hoober,* and with him *Luria and Still,* for appellant.

*McClean Stock,* for appellee.

Opinion by Stadtfeld, J., July 14, 1932:

This is an appeal by William J. Kuntz, defendant, from the decree of the lower court in entering judgment against him, generally and against the terre-tenants, de terris, in favor of the Central National Bank and Trust Company, plaintiff, in the sum of two thousand dollars for want of a sufficient affidavit of defense in an action of scire facias to revive and continue the lien of a judgment against the said defendant appellant. The facts are as follows:

William J. Kuntz purchased an undivided one-third interest in certain real estate from the receivers of

the Flinchbaugh Machine Company, Incorporated. Samuel Williams and L. Lavetan, copurchasers with Kuntz, paid the entire purchase price of the property, including the full share of Kuntz. Title to the property was taken in the name of William J. Kuntz, Samuel Williams and L. Lavetan and passed September 1, 1927, the deed being recorded September 3, 1927. After title had passed to Kuntz, Williams and Lavetan, on September 1, 1927, judgment was entered in the court of common pleas of York County against William J. Kuntz and in favor of Central National Bank, now the Central National Bank and Trust Company, in the sum of two thousand dollars, on a note dated July 27, 1927, containing a warrant to confess judgment. On September 2, 1927, Kuntz, joined by his wife, conveyed his undivided one-third interest in fractional shares to others by four separate deeds. These grantees are the terre-tenants or the predecessors in title of the terre-tenants. On June 29, 1931, plaintiff issued a scire facias to revive the judgment entered September 1, 1927, against William J. Kuntz, and brought in certain others as terre-tenants. On August 3, 1931, these terre-tenants filed an affidavit of defense admitting title in them and setting up facts showing that they or their predecessors in title had paid the purchase price for Kuntz's share in certain real estate whereby a resulting trust was created in their favor. On November 3, 1931, defendants filed a supplemental affidavit of defense setting up the fact that the judgment entered by the plaintiff, and the scire facias issued thereon, is not such a debt and the plaintiff is not such a creditor as is contemplated by the Act of June 4, 1901, P. L. 425.

The Act of June 4, 1901, P. L. 425, provides:

"Whenever hereafter a resulting trust shall arise with respect to real property, by reason of the payment of the purchase money by one person, and the

taking or making of a legal title in the name of another, if the person advancing the purchase money has capacity to contract, such resulting trusts shall be void and of none effect as to bona fide judgment or other creditors, or mortgagees of the holder of the legal title, or purchasers from such holder without notice, unless either (1) a declaration of trust in writing has been executed and acknowledged by the holder of the legal title, and recorded in the recorder's office of the county where the land is situated, or (2) unless an action of ejectment has been begun, in the proper county, by the person advancing the money, against the holder of the legal title."

The original and supplemental affidavit of defense filed in this case do not aver (1) that a declaration of trust in writing had been executed and acknowledged by Kuntz, the holder of the legal title, and recorded in the county as required; or (2) that an action of ejectment had been begun by Samuel Williams and L. Lavetan, persons advancing the money against the holder of the legal title, Kuntz.

This appeal turns upon the construction of the Act of June 4, 1901, P. L. 425, quoted supra.

It will be noted that this Act is limited to but one kind of resulting trusts, trusts arising from the payment of the purchase money of land by one person, and the taking of the legal title in the name of another.

The court, SHERWOOD, J., in making absolute the rule for judgment, followed the case of Rochester Trust Company v. White, 243 Pa. 469, wherein Mr. Justice BROWN, speaking for the court, says:

"Until the Act of 1901 was passed a judgment was a lien only upon lands actually owned by the defendant and against it a secret or resulting trust and an unrecorded title could prevail......A bona fide judgment creditor is one who, in good faith, without fraud or collusion, recovers a judgment for money honestly due

him, and the appellee is such a judgment creditor, entitled to protection by the Act of 1901 against a secret or resulting trust."

Appellant endeavors to read a condition into the Act which does not appear therein, viz., to limit its application so as to protect only those who may extend credit, in reliance on the fact that the holder of the legal title was the actual owner, and argues from the fact that the Central National Bank and Trust Company did not extend any credit to William J. Kuntz in reliance upon the recorded title in him, to the premises involved in this case, no interest therein having yet been conveyed to him at the time; that, therefore, the Act of 1901 is inoperative and not applicable.

An examination of the case of Rochester Trust Company v. White, supra, discloses that a similar argument was advanced in that case. Judge FRAZER, speaking for the trial court, said "While the Act of 1901 may place judgment-creditors in a more advantageous position than purchasers, as claimed by defendants' counsel, we are not responsible for that situation. The legislature has seen fit to make trusts like the one in this case void." Mr. Justice BROWN for the Supreme Court concluded his opinion, at page 475, with these words, "The legislature had an object in view in passing the Act of 1901, and that object certainly was to make 'void and of non-effect' secret trusts of exactly the character of the one in this case."

Whatever may have been the mischief that was intended to be corrected by the Act of 1901, the law was made broad enough to cover every "bona fide judgment creditor" without imposing a further burden upon him or restricting him to either indebtedness incurred since the creation of the trust or to indebtedness incurred on the faith and credit of the land so held in trust. Under appellant's contention, proof of these two additional facts would be required to establish the

right of a bona fide judgment creditor under the Act of 1901.

We see no error in the action of the court below. The assignment of error is therefore overruled and judgment affirmed. Costs to be paid by appellant.